**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Century BP, LLC,

         Plaintiff,

                Civ. No. 12-2142 (RHK/JJG)
v.                   **ORDER**

Lakepointe Holdings II, LLC, *et al.*,

         Defendants.

---

  This matter is before the Court *sua sponte*.

  On August 10, 2012, Plaintiff Century BP, LLC ("Century") commenced this action in the Anoka County, Minnesota District Court against Defendants Lakepointe Holdings II, LLC ("Lakepointe"), World Fuel Services, Inc. ("World"), and William Elliott, asserting several state-law claims. Invoking diversity jurisdiction, Defendants removed the action to this Court on August 30, 2012. In their Notice of Removal, Defendants assert that "as set forth in the Complaint, Defendants . . . are all citizens of states other than the State of Minnesota." (Notice of Removal ¶ 4.) The Complaint, in turn, alleges that Lakepointe is a "Wisconsin limited liability company headquartered [in] Fox Point, Wisconsin"; World is a Texas corporation with a "business address" in Doral, Florida; and Elliott is a Wisconsin resident. (Compl. ¶¶ 2-4.) The Notice of Removal says nothing about Century's citizenship, although the Complaint alleges that it is "a Minnesota limited liability company with a registered office address" in Minneapolis. (Id. ¶ 1.)

As the parties invoking the Court's jurisdiction, Defendants bear the burden of alleging facts sufficient to establish the existence of diversity. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required them to allege "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). They have failed to do so here for several reasons.

First, the Complaint makes clear that two of the parties (Century and Lakepointe) are limited liability companies. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Yet, neither the Complaint nor the Notice of Removal contains any information about the citizenship of Century's or Lakepointe's members – indeed, no members are identified at all.

Second, World is a corporation, and hence it is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). While the Complaint alleges that World is incorporated in Texas, it alleges only that World has a "business address" in Florida. The Court simply cannot tell if this means World's principal place of business is, in fact, located in Florida.

Third, the Complaint alleges that Elliott is a *resident* of Wisconsin, but citizenship is determined by an individual's *domicile*, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990), and residence and domicile are not synonymous. See Sanders v. Clemco

Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

For all of these reasons, the Court cannot discern whether there exists diversity jurisdiction over this case. Based on the foregoing, **IT IS ORDERED** that Defendants **SHOW CAUSE** in writing, on or before September 14, 2012, why this action should not be remanded for lack of subject-matter jurisdiction.

Date: August 31, 2012   s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge